UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYNDHAM VACATION RESORTS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> COHEN FINANCIAL GROUP, an unknown business entity, and DOES 1-20, <br><br> Defendant. | 09-cv-988 LJO GSA <br><br> ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT <br><br> (Document 10) |

## INTRODUCTION

On July 30, 2009, Plaintiff, Wyndham Vacation Resorts, Inc., (Hereinafter, "Plaintiff" or "Wyndham") filed a Motion for Leave to File a First Amended Complaint (Hereinafter, "FAC"). No opposition to Plaintiff's Motion has been filed. The court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Accordingly, the hearing set for September 4, 2009, at 9:30 am is VACATED. Upon a review of the pleadings, Plaintiff's Motion for Leave to File a First Amended Complaint is DENIED as moot. Plaintiff's request for entry of default is DENIED.

## BACKGROUND

On June 5, 2009, Plaintiffs filed a complaint against defendant Cohen Financial Group

(hereinafter, "Defendant" or "CFG") alleging that on January 14, 2009, it had entered into a written Commitment Letter with Defendant wherein CFG agreed to provide financing to Wyndham. The Commitment Letter required that upon execution, Plaintiff wire a deposit in the amount of $190,000.00 (Hereinafter, "the retainer") to Defendant at 1608 Sunrise Ave., Suite 4, Modesto, CA 95350. The Commitment letter further provided that Defendant was required to refund the retainer to Wyndham (less any actual incurred costs) in the event that the loan contemplated by the Commitment Letter was not timely closed on or about February 15, 2009.

Plaintiff alleges that it sent Defendant a wire in the amount of $190,000.00 in accordance with the Commitment Letter. Plaintiff alleges that the contemplated loan did not close and, as a result, Defendant became obligated to immediately return the retainer to Wyndham. Plaintiff demanded a refund of the retainer but Defendant has refused to refund the money. The complaint alleges causes of action for Breach of Contract, Specific Performance, Money Had and Received, and Unjust Enrichment. Plaintiff requests damages in an amount to conform to proof at trial, an order requiring that Defendant return the retainer, an award of attorney's fees, the imposition of a constructive trust for all profits obtained by Defendant through the misappropriation of the retainer, and any other relief the Court deems just and proper.

Plaintiff alleges that Defendant was served with a copy of the complaint on June 10, 2009. Defendant did not file a response to the complaint and default was entered against CFG on July 23, 2009. Plaintiff now seeks to amend the complaint to substitute the correct name of CFG to reflect "Cohen Financial Group, LLC" because it has determined that this is Defendant's true name. Plaintiff also requests that the court grant no additional time for a responsive pleading pursuant to Fed. R. Civ. P. 5(a) and that the Court enter default against Cohen Financial Group, LLC.

**DISCUSSION**

Plaintiff has requested leave of the court to file the FAC. However, under Rule 15(a)(1), a plaintiff may amend the complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). In this case, no responsive pleading was filed so Plaintiff can file an amended

complaint without leave of the Court.   Plaintiff lodged a proposed copy of the FAC on July 30, 2009.  Doc. 13.  The Court will accept this document as filed and Plaintiff's Motion for Leave to File an Amended Complaint is DENIED as moot.

Plaintiff's request the Court enter default against Cohen Financial Group, LLC is also DENIED.  The court recognizes that no service is required on a party who is in default for failing to appear unless the pleadings assert new or additional claims of relief. Fed. R. Civ. P. 5(a)(2); Employee Painter's Trust v. Ethan Enterprises, Inc., 480 F. 3d 993, 999 (9th Cir. 2007) ("an amended complaint need only be served when (1) a party is in default for failure to appear, and 2) the pleadings assert new or additional claims for relief.")   Although no new claims are alleged, in this instance, the proof of service of the initial complaint is ambiguous as it indicates that the complaint was served on "John Doe" Manager.  Doc. 6.  The person served is not identified and it is unclear how it was determined that the person served was in fact the manager.  This does not comport with Fed. R. Civ. Pro. 4(h)(1)(B).

The Court recognizes that the Federal Rules of Civil Procedure provides that state law regarding service may be followed to serve a summons and complaint on a corporation or association.  Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1).  Substituted service is permitted when serving a corporation under California law.  CCP §§ 415.20 and 416.10.  However, the proof of service indicates that the summons and complaint was placed in the United States First Class mail but it was only sent to Cohen Financial Group, 1608 Sunrise Avenue, Suite 4 Modesto, California 95350.  The envelope was not addressed to a specific individual.

Due to the ambiguities regarding service, the Court will not enter default until the service of the First Amended Complaint is properly effectuated.  The Court notes that since the filing of the complaint, Plaintiff appears to have located the registered agent for service of process for Cohen Financial Group, LLC.  Plaintiff is advised that this Court is unlikely to recommend that a future request for default judgment be granted if there is any ambiguity regarding proper service of the FAC.

## CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that :

1) Plaintiffs' Motion for Leave to File a First Amended Complaint is DENIED as MOOT;

2) Plaintiff's request that the Court enter default against Cohen Financial Group, LLC is DENIED; and

3) The hearing regarding this motion set for September 4, 2009, at 9:30 am in Courtroom 10 is VACATED.

IT IS SO ORDERED.

Dated:   **September 1, 2009**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE