# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYNDHAM VACATION RESORTS, INC., a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>COHEN FINANCIAL GROUP, an unknown business entity, and DOES 1-20,<br><br>　　　　　　　Defendant. | 1:09-cv-00988 LJO GSA<br><br>FINDINGS AND RECOMMENDATIONS REGARDING APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT COHEN FINANCIAL GROUP<br><br>(Document 28) |

**PROCEDURAL BACKGROUND**

On or about June 5, 2009, Plaintiff Wyndham Vacation Resorts, Inc., filed a complaint seeking damages for breach of contract, specific performance, money had and received and unjust enrichment. (Doc. 1.) A summons to Cohen Financial Group was returned executed on June 10, 2009. (Doc. 6.) Thereafter, on July 22, 2009, Plaintiff sought default as to Cohen Financial Group. Default was entered by the clerk on July 23, 2009. (Docs. 7 & 8.)

On July 30, 2009, Plaintiff moved to amend its complaint. (Docs. 9-13.) On September 1, 2009, this Court issued its order on the motion, denying Plaintiff's motion as moot as no responsive pleading had been filed and thus Plaintiff was entitled to amend the complaint as a

1

matter of course. Additionally, the court denied Plaintiff's request to enter default against Cohen Financial Group, LLC. (Doc. 16.)

The Agent for Service of Process for Cohen Financial Group, LLC, Terry Guy, was personally served with the summons and first amended complaint on September 2, 2009, at 3:10 p.m, in Scotts Valley, California (Doc. 17; *see also* Doc. 28, Klein Decl. ¶ 10.) On that same date, at 5:28 p.m., Mrs. Cohen, partner in the Cohen Financial Group, LLC, was personally served in Manteca, California. (Doc. 18; *see also* Doc. 28, Klein Decl. ¶ 11.)

On October 2, 2009, Plaintiff requested entry of default as to Cohen Financial Group, LLC, asserting Defendant has not responded to the summons and first amended complaint. (Doc. 20; *see also* Doc. 28, Klein Decl. ¶ 16.) On October 5, 2009, default as to Cohen Financial Group, LLC, was entered. (Doc. 23.)

On November 4, 2009, Plaintiff filed its Application for Default Judgment Against Defendant Cohen Financial Group, LLC. (Doc. 28.)

On December 11, 2009, this Court held a hearing on the application for default judgment. Kristy Murphy, Esq., appeared on behalf of Plaintiff Wyndham Vacation Resorts, Inc. No appearance was made for or on behalf of Defendant Cohen Financial Group, LLC.

## FACTUAL BACKGROUND

On or about January 14, 2009, Wyndham Vacation Resorts, Inc. ("Wyndham") and Cohen Financial Group, LLC ("CFG") entered into a written Commitment Letter wherein CFG agreed to provide financing to Wyndham. The Commitment Letter provided that upon execution Wyndham would wire a retainer in the sum of $190.000.00 to CFG. In the event CFG were unable to provide the loan contemplated by the agreement, on or before February 15, 2009, CFG was required to refund the $190,000.00 retainer, less any actual costs incurred. (Doc. 28 at 2-3; Feeney Decl. ¶¶ 2-3 & Ex. A.)

On January 15, 2009, Wyndham wired CFG the sum of $190,000.00 pursuant to the Commitment Letter. (Doc. 28 at 3; Feeney Decl. ¶ 4 & Ex. B.)

//
//

1   On February 15, 2009, the contemplated loan did not close.  Pursuant to the terms of the
2   Commitment Letter, CFG became obligated to refund the $190,000.00, less any actual costs, to
3   Wyndham.  (Doc. 28 at 3; Feeney Decl. ¶¶ 6-7.)
4   Wyndham demanded a refund of the Retainer funds; however, CFG refused to refund the
5   money.  (Doc. 28 at 3; Feeney Decl. ¶ 7.)  On April 27, 2009, Wyndham directed correspondence
6   to John Corbin, CEO of CFG, seeking the return of its $190,000.00 retainer, paid pursuant to the
7   Commitment Letter.  Wyndham asked that a certified check in that amount be received within
8   ten days of the date of the letter.  (Doc. 28 at 3; Feeney Decl. ¶ 8 & Ex. C.)
9   To date, CFG has not responded to Wyndham's demand for payment nor has it refunded
10  the $190,000.00 retainer.  (Doc. 28 at 3-4; Feeney Decl. ¶ 8.)  CFG also has not filed an
11  opposition to this application for default judgment.

## DISCUSSION

*Legal Standard*

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2) By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."  10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

//

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

*Possible Prejudice to Plaintiff*

Personal service of the summons and first amended complaint in this action was made on Terry Guy, agent for service of process for CFG, on September 2, 2009, in Scotts Valley, California. A true and correct copy of the Proof of Service was filed with this Court on September 9, 2009. (Doc. 17). Additionally, the summons and first amended complaint were personally served upon CFG partner "Mrs. Cohen" on September 2, 2009, in Manteca, California. A true and correct copy of the Proof of Service was filed with this Court on September 9, 2009. (Doc. 18.) Defendant CFG has failed to respond to the first amended complaint or otherwise appear in this action. The Clerk of the Court entered default against CFG on October 5, 2009. (Doc. 23). Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (Doc. 28, Klein Decl. ¶ 15.)

Thus, the first *Eitel* factor weighs in favor of granting Plaintiff's application because Plaintiff will be prejudiced if default judgment is not entered. Plaintiff personally served Defendant more than three months ago. Defendant has not answered the first amended complaint or otherwise appeared in this action. If Wyndham' application for default judgment is not granted, Wyndham "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).

*The Merits of Plaintiff's Claims and the Sufficiency of the Complaint*

Wyndham seeks judgment against CFG on its first cause of action for breach of contract. (Doc. 28 at 1-2.) To state a claim for breach of contract under California law, a plaintiff must

allege (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal.App. 4th 1375, 1390 (2004). The first amended complaint's first cause of action states that: (1) Wyndham and CFG entered into a written Commitment Letter on January 14, 2009, wherein CFG agreed to provide financing to Wyndham; (2) Wyndham has performed all covenants and conditions of the Commitment Letter, but for any that may be excused by CFG's breach, including wiring the sum of $190,000.00 to CFG; (3) CFG has breached the covenants and conditions of the Commitment Letter by failing to refund the $190,000.00 retainer following its failure to close the loan contemplated on or before February 15, 2009, as provided for in the Commitment Letter; and (4) therefore, Wyndham has suffered damages as a result.

In sum, the Court concludes Wyndham has sufficiently stated its claim for breach of contract. The second and third *Eitel* factors thus favor a default judgment.

*The Amount of Money at Stake*

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct.

A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement*, 722 F.2d at 1323; *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (no hearing necessary when documents show judgment amount based on a definite figure); *see also* Fed.R.Civ.P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment). A hearing on the issue of damages is not required as long as the Court finds there is a basis for the damages specified. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). Affidavits or other documentary evidence is sufficient to evaluate the fairness of the amount requested. *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993).

Here, Plaintiff has submitted various exhibits in support of its application. On January 14, 2009, Wyndham and CFG executed a Commitment Letter concerning a $19,000,000 short

5

1 term debt-bridge loan.  CFG was the designated lender; Wyndham the borrower.  Among others,
2 a term of the agreement provided in pertinent part: "The closing shall take place on or about
3 February 15, 2009, time of the essence." (Doc. 28, Feeney Decl. Ex. A.)  Under the Fees and
4 Expenses provision of the Commitment Letter, the following is stated: "Concurrent with the
5 execution of this Letter, Borrower will wire $190,000 (the 'Retainer') as a retainer for Costs" and
6 "in the event the Loan does not close" the retainer was to be "refunded to Borrower." (*Ibid*.)
7 The Commitment Letter was signed by John Corbin, CEO of CFG,[1] and Christopher J. Feeney,
8 Senior Vice President and Treasurer of Wyndham.  (Doc. 28, Feeney Decl. Ex. A.)

9        Moreover, the sum of $190,000.00 was wired by Wyndham to CFG on January 15, 2009.
10 (Doc. 28, Feeney Decl. Ex. B.)

11        The Court finds that Wyndham has provided sufficient documentary evidence of its claim
12 to damages of $190,000.00.

13                *Possible Dispute Concerning Material Facts*

14        Given the sufficiency of the first amended complaint and Defendant's default, no genuine
15 dispute of material facts would preclude granting Wyndham's application.  *See Geddes v. United*
16 *Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

17                *Whether Default Was Due to Excusable Neglect*

18        Defendant was properly served with the summons and first amended complaint pursuant
19 to Rule 4 of the Federal Rules of Civil Procedure. (Docs. 17-18.)  Thus, it is not likely CFG's
20 failure to answer and the resulting default were the result of excusable neglect.

21                *The Policy Favoring a Decision on the Merits*

22        "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782
23 F.2d at 1472.  But the mere existence of Rule 55(b) "indicates that this preference, standing
24 alone, is not dispositive." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F.Supp.2d at 1177 (citation
25 omitted).  Furthermore, CFG's failure to answer or otherwise respond to the first amended

---

[1] Next to Mr. Cohen's signature is the date of January 15, 2008 (*see* Doc. 28, Feeney Decl. Ex. A at 12), however, it is clear this correct date is January 15, **2009** as is referenced on the face of the Commitment Letter and the Wire Instruction (*see* Doc. 28, Feeney Decl. Ex. A).

complaint "makes a decision on the merits impractical, if not impossible." *Id*. This Court is not precluded from entering default judgment against CFG.

## RECOMMENDATIONS

Based on consideration of the declarations, pleadings and exhibits to the present application, the Court RECOMMENDS as follows:

1. Plaintiff Wyndham Vacation Resorts, Inc.'s application for default judgment be GRANTED as to its first cause of action for breach of contract;

2. Judgment be entered in this action against Defendant Cohen Financial Group, LLC;

3. Damages in the total amount of $190,000 be awarded to Plaintiff Wyndham Vacation Resorts, Inc., and

4. As requested, Plaintiff's second, third and fourth causes of action in its first amended complaint are dismissed without prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B).  Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 14, 2009**         **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE